# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **WAYNE WILLIAMS,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 2:12-00258-KD-B** |
| ) | |
| **AETNA LIFE INSURANCE COMPANY** ) | |
| **and RENEE FIGGE, Trustee, Trust for** ) | |
| **Active Group Health and Welfare Benefits** ) | |
| **of the Army and Air Force Exchange** ) | |
| **Service,** ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (Docs. 45, 54) filed by the United States, on behalf of Defendant Renee Figge ("Figge"), the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) (Doc. 47) filed by Defendant Aetna Life Insurance Company ("Aetna"), the various filings in support of or in opposition to same (Docs. 48, 52, 55, 56), the Report and Recommendation of the Magistrate Judge addressing these motions (Doc. 62), the United States's objections to the Report and Recommendation (Docs. 63, 68), and the response to those objections filed by Plaintiff Wayne Williams ("Williams") (Doc. 64). A hearing on these matters was held on February 10, 2014, at which counsel for all parties was present (with counsel for Aetna participating via telephone). Upon consideration of the relevant portions of the record and the arguments presented by the parties, the Court finds that both motions to dismiss (Docs. 45, 47, 54) are due to be **GRANTED** and this action **DISMISSED**.[1]

---

[1] The Court denies Williams's request made at the hearing that he be allowed to further amend his complaint. Williams has already amended his complaint once. See Corsello v. Lincare, Inc., 428 F.3d

The Court assumes the parties' familiarity with the record and will forego a detailed recitation of the relevant factual and procedural background of this action, most of which has been set forth previously in the Magistrate Judge's two Reports and Recommendations (Docs. 37, 62). In a nutshell, the facts are as follows:

While an employee of the Army and Air Force Exchange Service ("AAFES"), Williams was offered an AAFES-sponsored disability insurance plan. Williams accepted the offer and made contributions to the disability insurance program. Aetna administered the disability program pursuant to an administrative services contract with AAFES (Doc. 28-1). Williams applied for disability benefits and was granted short-term benefits, but he was later denied long-term benefits. Aetna made the initial decision to deny long-term benefits. Williams appealed to AAFES, where Figge, signing the denial letter as plan administrator, upheld the denial of long-term benefits. (Figge Letter, Doc. 47-3).

Williams then sued Aetna and Figge, in her capacity as a trustee of the Trust for Active Group Health and Welfare Benefits for AAFES ("the Trust"). The Trust holds the employee contributions and pays the benefits that are approved through Aetna.

## I. Analysis

### a. Claims against Aetna

---

1008, 1014 (11th Cir. 2005). Moreover, "[a] district court need not . . . allow an amendment []where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed . . ." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The motions to dismiss and the extensive briefing submitted in support were filed in June and July of 2013. At no time before the hearing did Williams move for leave to amend to address these deficiencies or to even plead in the alternative. Finally, the Court notes that, at the hearing, counsel for Williams expressly stated that he asked for such leave to amend only in the event that the Court granted the parties' motions to dismiss. In essence, Williams is requesting to be allowed to change his theory of the case if the first one is subject to dismissal. The request to amend at this late date is denied.

Williams filed no objections to the recommendation of the Magistrate Judge that Aetna's Motion to Dismiss be granted and that all claims against Aetna asserted in the Amended Complaint (Doc. 42) be dismissed. Williams also agreed at the February 10, 2014 hearing that all claims against Aetna are due to be dismissed. The Court agrees. Specifically, Aetna was not a party to a contract with the Trust. Williams cannot establish that Aetna breached a contract to which it was never a party. Accordingly, Aetna's Motion to Dismiss (Doc. 47) is due to be **GRANTED** and all claims asserted against Aetna in the Amended Complaint (Doc. 42) are due to be **DISMISSED with prejudice**.[2]

### b.    Claims against Figge[3]

Williams asserts claims against Figge in her official capacity as a trustee of the Trust. As confirmed by counsel for Williams at the February 10, 2014 hearing, Williams' theory of his case against Figge is that the Trust breached a contract to which Williams was a beneficiary and/or the Trust breached its fiduciary duties to Williams by discontinuing his disability benefits.

The United States has argued and submitted evidence that the decision to discontinue Williams's benefits was made by Figge in her capacity as an employee (specifically, "plan administrator") of AAFES, rather than any capacity as a trustee of the Trust. (Figge Letter,

---

[2]  See, e.g., Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 893 (11th Cir. 2013), cert. denied, 134 S. Ct. 61 (2013) ("We []conclude that the September 10, 2009, order was an adjudication on the merits because the order was a Rule 12(b)(6) dismissal with prejudice. Hall v. Tower Land & Inv. Co., 512 F.2d 481, 483 (5th Cir. 1975) ('[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits.'); see Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) ('[D]ismissal of a complaint with prejudice satisfies the requirement that there be a judgment on the merits.').").

[3]  Williams does not dispute the Magistrate Judge's determination that Figge is the only other defendant properly named in the Amended Complaint (see Doc. 62 at 4), and the Court concurs with this determination.

Doc. 47-3; Figge Decl., Doc. 48-1).   AAFES is not a named party in this action, nor has Figge been sued in any capacity as an AAFES employee.   There is no evidence on the record that the Trust made the decision to deny benefits to Williams.   However, as confirmed at the February 10, 2014 hearing, Williams insists on continuing with this theory of the case.   Thus, the Court will address the motion to dismiss (for lack of jurisdiction because there has been no waiver of sovereign immunity) only as it relates to Figge in her capacity as trustee.

Williams has not disputed that Figge is being sued in her official capacity as a trustee of the Trust, which was established by AAFES.   Therefore, Figge is being sued in her capacity as an agent of the United States.[4]   A lawsuit against a federal government agent in her official capacity is nothing more than a suit against the United States.   See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.   As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.   It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." (internal citations and quotation omitted)).   Moreover, " '[t]he general rule is that a suit is against the sovereign if the judgment sought would expend itself on

---

[4] "AAFES is a non-appropriated funds instrumentality (NAFI)."   Taylor v. United States, 303 F.3d 1357, 1358 (Fed. Cir. 2002).   "There is []no question that NAFIs are agents of the United States.   The Supreme Court has repeatedly recognized that NAFIs are arms of the government deemed essential for the performance of governmental functions."   Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1363 (Fed. Cir. 2005) (quotations omitted).

4

the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.' " Miccosukee Tribe of Indians of Fla. v. United States, 698 F.3d 1326, 1330 (11th Cir. 2012) (quoting Dugan v. Rank, 372 U.S. 609, 620 (1963) (internal quotation marks and citation omitted)) (alteration added). Many of Williams's claims in the Amended Complaint seek to compel Figge and the Trust to act, and others seek money damages from the Trust, a "public domain" held by an agency of the United States, AAFES.

"Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." United States v. Bormes, 133 S. Ct. 12, 16 (2012) (quotation marks omitted). "The United States' immunity from suit extends to its agencies." Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n, 453 F.3d 1309, 1315 (11th Cir. 2006). "Waivers of immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983) (internal citation and quotations omitted). "Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). " '[T]he terms of [the United States's] consent to be sued in any court,' as expressed by statute, 'define that court's jurisdiction to entertain the suit.' " Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)) (alteration added).[5] "Therefore, [the Court] must first decide whether [the Trust's] immunity has been

---

[5] "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks. Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. [The United

waived." Meyer, 510 U.S. at 475.

Williams argues two grounds for finding waiver of sovereign immunity in this action.[6]

First, Williams argues that the Trust waived its immunity through of Section 15 of the Trust

Agreement between AAFES and Bankers Trust Company (as "Trustee"), which states:

> In the event that the Plan [(short for "the Group Medical and Dental Program for
> active employees of AAFES") ]terminates for any reason, any assets remaining after
> satisfaction of all liabilities to existing Trust Beneficiaries will be used to provide
> other life, sick, accident or other benefits described under Section 1.501(c)(9)-3 of the
> Treasury Regulations in accordance with criteria that do not provide disproportionate
> benefits to officers or highly compensated employees of AAFES.   In the event of the
> termination of the Trust as above provided (or of the Plan under which it was
> established), the Trustee shall continue to administer the Fund as herein provided
> until all of the purposes for which it has been established have been accomplished or
> dispose of the Fund after the payment or other provision for all expenses incurred in the
> administration and termination of the Trust (including any compensation to which
> the Trustee may be entitled), all in accordance with the written order of AAFES or the
> Committee or any successor thereto.   Until the final distribution of such Fund, the
> Trustee, AAFES and the Committee, or any successor thereto (as the case may be)
> shall continue to have and may exercise all the powers and discretions conferred upon
> them by this Agreement.

---

States's] motion to dismiss [i]s a factual attack because it relie[s] on extrinsic evidence and d[oes] not
assert lack of subject matter jurisdiction solely on the basis of the pleadings."   Morrison v. Amway
Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003).

[6]     The Magistrate Judge, in her second Report and Recommendation, determined that a contract
claim under the Tucker Act provided a waiver of sovereign immunity for claims against Figge. (Doc. 62
at 22-23).   The Court finds that there is no Tucker Act contract claim asserted in this action against
Figge in her capacity as a trustee.   Williams agrees that there is no express contract between him and the
Trust.   Williams has cited various statutes and regulations that he argues create an implied contract
between him and the Trust.   However, while "[c]laims grounded on implied-in-fact contracts may be
brought under the Tucker Act, []the Act does not confer jurisdiction with respect to contracts implied in
law."   Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 738 n.10 (1982) (holding "that the
Court of Appeals erred in implying a contract based solely on the existence of AAFES personnel
regulations and in premising Tucker Act jurisdiction on those regulations, which do not explicitly
authorize damages awards").   Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 741 (1982)

Moreover, Williams does not dispute that he has not met the prerequisites for bringing an action
under the Federal Tort Claims Act.

(Doc. 28-2 at 16).

Section 15, according to Williams, "requires that assets belong to the []Trust and prohibits the Trust assets from reverting to the United States." (Amended Complaint, Doc. 42 at 3, ¶ 8). Thus, Williams argues, by including this provision in its Trust Agreement, the Trust has waived sovereign immunity.

Second, Williams argues that the Trust has waived sovereign immunity by failing to abide by certain statutes and regulations. Williams argues that the Trust has organized itself as a "voluntary employees' beneficiary association" as described in the Internal Revenue Code, 26 U.S.C. § 501(c)(9) (and corresponding regulations, 26 C.F.R. § 1.501(c)(9)) but has failed to act in a manner prescribed by those provisions. The cited portions of the Internal Revenue Code merely allow for certain qualifying entities to receive tax-exempt status, and the Court finds no provision that even suggests, much less unequivocally expresses, consent to be sued by the United States. See, e.g., Furry v. Miccosukee Tribe of Indians of Fla., 685 F.3d 1224, 1232 (11th Cir. 2012), cert. denied, 133 S. Ct. 663 (2012) (" 'Congress may abrogate a sovereign's immunity only by using statutory language that makes its intention unmistakably clear.' " (quoting Florida v. Seminole Tribe of Fla., 181 F.3d 1237, 1242 (11th Cir. 1999)).

Moreover, the Supreme Court of the United States has "explicitly rejected the argument that 'the violation of any statute or regulation relating to federal employment automatically creates a cause of action against the United States for money damages.' " Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 739 (1982) (quoting United States v. Testan, 424 U.S. 392, 401 (1976). Also, "an agency's actions cannot waive sovereign immunity." Thompson v. McHugh, 388 F. App'x 870, 874 (11th Cir. 2010) (citing United States v. N.Y. Rayon Importing

Co., 329 U.S. 654, 660 (1947) ("It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress."))[7] Therefore, the Trust and its trustees could not have waived sovereign immunity through their actions, either by including Section 15 in the Trust Agreement or by failing to abide by certain provisions of the Internal Revenue Code.

Williams also claims that sovereign immunity is waived because "[n]either the []Trust, nor its Trustees, have the authority to administer disability benefits under DoD 1400.25, Volume 1408, July 21, 2009 ('DoD 1400.25') . . . The DoD 1400.25 expressly requires an insurance policy to cover Plaintiff's disability benefits, and does not authorize a trust fund or a Trustee."

---

[7] See also, e.g., Governor of Kansas v. Kempthorne, 516 F.3d 833, 844 (10th Cir. 2008) ("Plaintiffs argue that, even if the Quiet Title Act's waiver does not apply in this case, we should honor our order, issued in 1996 during an interlocutory appeal in the Sac & Fox Nation case, in which we ordered that the respective rights of the parties to obtain judicial review of all issues which have been raised in the complaint below shall be preserved after dissolution of the TRO. In a similar vein, a suggestion was raised at oral argument that the Secretary's continued participation in this lawsuit waived, or estopped her from invoking, the United States' sovereign immunity. Well-settled law, however, establishes that neither courts nor government officials can effectuate such waiver; only Congress holds that power." (internal citation and quotation omitted)); Tobar v. United States, 639 F.3d 1191, 1195-96 (9th Cir. 2011) ("[A] regulation, 49 C.F.R. § 1.46(b) . . . and a letter from the United States embassy to the Ecuadorian government requesting permission to board Plaintiffs' vessel . . . are not acts of Congress, so they cannot effect a waiver of sovereign immunity. Additionally, we note that the regulation contains no relevant information and does not pertain to sovereign immunity. Similarly, the letter does not mention sovereign immunity and, as noted, even if it implies that sovereign immunity would be waived, implied waivers are ineffective." (internal citation omitted)); Ikelionwu v. Nash, 324 F. App'x 152, 153 (3d Cir. 2009) ("Ikelionwu argues that sovereign immunity is waived in his case because 1) the BOP settlement offer informed him that he could institute a suit against the United States if he did not accept the settlement; and 2) Defendant-Appellee Nash admitted in his first motion to dismiss that Ikelionwu's suit was properly filed under the FTCA. Because 'neither courts nor government officials can effectuate' a waiver of sovereign immunity, Governor of Kansas v. Kempthorne, 516 F.3d 833, 844 (10th Cir. 2008), we agree with the District Court that Ikelionwu's arguments lack merit.").

(Williams's Motion for Partial Summary Judgment, Doc. 51 at 2-3[8]).   In support of this argument, Williams cites to the following language from DoD 1400.25: "To safeguard employees during their temporary inability to perform normal occupational duties because of a non-work-related disability, the Heads of the DoD Components may offer disability insurance consistent with mission requirements and prudent fiscal considerations."   (Doc. 52-1 at 8). The cited regulation does not support the argument; there is no requirement that the disability insurance be offered through a private insurance policy, nor is there any prohibition on administering it through the use of a trust.

Williams argued no other basis for waiver of sovereign immunity, and none is apparent from the record.   In short, Williams has failed to establish that the United States has consented to be sued in this action and thus has failed to establish that the Court has any jurisdiction over his claims against Figge as a trustee of the Trust.   See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (the party invoking a federal court's jurisdiction bears the burden of proving it).   Therefore, the Court finds that the United States's Motion to Dismiss (Doc. 45, 54) is due to be **GRANTED** on the grounds that the Court lacks of subject matter jurisdiction and that all of Williams's claims against Figge are due to be **DISMISSED without prejudice**.[9]

## II.    Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Aetna's and the United States's Motions to Dismiss (Docs. 45, 47, 54) are **GRANTED**, that all claims asserted against

---

[8]  Williams also reasserted this argument at the February 10, 2014 hearing.

[9]  See, e.g., Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

Aetna in the Amended Complaint (Doc. 42) are **DISMISSED with prejudice**, and that all claims asserted against Figge in the Amended Complaint are **DISMISSED without prejudice**.[10]

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue contemporaneously by separate document.

**DONE** and **ORDERED** this the **14th** day of **February 2014**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[10] As such, Williams's Motion for Partial Summary Judgment (Doc. 51) is **DENIED** as moot.